# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

NICHOLAS CORTEZ ADDISON,                                                              PLAINTIFF
ADC #162451

v.                                      3:15CV00042-DPM-JTK

POINSETT COUNTY DETENTION CENTER, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff Nicholas Addison is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging Defendant Martin denied him adequate mental health care and treatment while incarcerated at the Poinsett County Detention Center (Jail) in late 2014 and early 2015. He also claims Defendant Dewey provided him with methamphetamine while he was incarcerated.[1]

This matter is before the Court on Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 40-42). By Order dated January 5, 2015, this Court directed Plaintiff to file a Response to the Motion within fifteen days of the date of the Order (Doc. No. 48). The Court further advised the Plaintiff that failure to respond to the Court's Order would result in all of the facts set forth in Defendants' Motion and Brief being deemed admitted by Plaintiff pursuant to Local Rule 56.1, or in the dismissal without prejudice of his Complaint, pursuant to

---

[1] Defendant Dexter was dismissed on April 10, 2015 (Doc. No. 9), and Defendants Jerry Martin and the Poinsett County Detention Center were dismissed on June 1, 2015 (Doc. No. 26).

Local Rule 5.5(c)(2).[2]  As of this date, Plaintiff has not filed a Response to the Motion.

## II.     Amended Complaint

Plaintiff alleged Defendant Dewey gave him crystal meth, which "messed" him up and caused him to see things and hear voices.  (Doc. No. 5, p. 5) He also claimed he asked to be committed to the state hospital, but that Defendants told him he had an appointment with Mid-South. (Id.)  Former Defendant Dexter asked him if he wanted to take his medication, but he refused, because it did not help in the past.  (Id.)

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

---

[2]Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:
> It is the duty of any party not represented by counsel
> to promptly notify the Clerk and the other parties to
> the proceedings of any change in his or her address,
> to monitor the progress of the case and to prosecute
> or defend the action diligently . . . . If any communi-
> cation from the Court to a pro se plaintiff is not
> responded to within thirty (30) days, the case may be
> dismissed without prejudice. . . .

Since Plaintiff did not respond to Defendants' Motion, the Court could dismiss his Complaint without prejudice, pursuant to this Rule.  However, the Court instead will rule on the merits of the Defendants' Motion.

citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A.    Official Capacity Liability

Initially, the Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff, however, does not allege that a Jail policy, or the lack of some other policy, was the moving force behind Defendants' actions/inactions. Therefore, the Court finds that the monetary claims against Defendants in their official capacities should be dismissed.

**B.    Individual Capacity Liability**

It is not clear to the Court whether, at the time of his incarceration, Plaintiff was a pretrial detainee or had been convicted and was awaiting transport to the ADC. Therefore, the Court will treat him as a pretrial detainee for the purposes of this Motion, and apply the due process standard of the Fourteenth Amendment to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege and prove that he was incarcerated under conditions posing a substantial risk of serious harm, that Defendants recklessly disregarded that risk, and that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to Plaintiff's health and safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Jackson v. Everett, 140 F.3d 1149, 1151-1152 (8th Cir. 1998).

In support of his Motion, Defendants provide records from the Jail to show that Plaintiff was in and out of the Jail on several occasions in 2014, and that when he was incarcerated on November 21, 2014, he was placed in a restraint chair because he broke the light in his cell and threw feces out of his cell. (Doc. Nos. 41-1, 41-2) In addition, according to a document completed on December 21, 2014, Mid-South Health Systems Emergency Services completed a crisis screening on Plaintiff and recommended that he be taken off of a suicide watch, at the discretion of the Jail Administrator (Doc. No. 41-3) Defendants also submitted copies of medication records to show that from December 10, 2014, until December 21, 2014, and from February 2, 2015, until February 14, 2015,

Plaintiff was provided with two medications, Loxapine and Paroxetine,[3] and that he refused to take the medications on several occasions. (Doc. No. 41-4) Based on these records and the absence of allegations that Defendant Martin was aware of any deficiencies in the mental health care Plaintiff received, Defendants ask the Court to dismiss this allegation.

Absent additional allegations or evidence from Plaintiff to the contrary, the Court finds that Plaintiff's allegation against Defendant Martin – that he failed to provide adequate mental health treatment – does not support a finding that Martin acted with deliberate indifference to his serious mental health needs. Plaintiff was provided with two mental health medications while incarcerated, and refused to take some of these on various occasions. In addition, Plaintiff provides no evidence that Defendant Martin was aware of inadequate mental health care and deliberately refused to provide him with additional assistance.

The Court also finds no evidence to support Plaintiff's allegation against Defendant Dewey, that he provided him with crystal methamphetamine. To the extent that this allegation could support a claim of failure to protect, Plaintiff provides no evidence to show that Dewey recklessly disregarded a risk of harm to the Plaintiff and forced him to take the drug. Defendants provided to the Court a copy of a report which shows that an investigation was conducted into Plaintiff's allegations against Dewey, and that no evidence was found to support his allegation. (Doc. No. 41-5) In addition, Defendants provided to the Court copies of video tapes of the dates/times in question, which do not show Dewey providing Plaintiff with drugs or Plaintiff using drugs. (Doc. No. 41-6) Finally, although the investigative report stated that a substance was found in Plaintiff's possession and that it tested as positive for methamphetamine, Plaintiff provides no evidence that Defendant

---

[3] Loxapine is used to treat schizophrenia, and Paroxetine is an anti-depressant. Www.drugs.com.

6

Dewey was in possession of the drug or forced him to take the drug.  Therefore, the Court finds no dispute of material fact and that Defendants are entitled to judgment as a matter of law.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 40) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 10th day of February, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE